**BIG BEAR MINING COMPANY,**
**Plaintiff,**

v.

**DISTRICT 17, UNITED MINE WORKERS OF AMERICA, and United Mine Workers of America, Local Union No. 7692, Defendants.**

**Civ. A. No. 83–5016.**

United States District Court,
S.D. West Virginia,
Beckley Division.

April 19, 1983.

Charles L. Woody, Charleston, W.Va., and S.W. Zanolli, Washington, D.C., for plaintiff.

James M. Haviland and Webster J. Arceneaux, Charleston, W.Va., for defendants.

### MEMORANDUM OPINION

DENNIS R. KNAPP, District Judge.

Plaintiff, Big Bear Mining Company (Big Bear), filed this action in district court on

January 14, 1983, seeking to vacate the opinion and award of Arbitrator, Henry Segal, issued on December 15, 1982. The defendant unions subsequently filed a counterclaim for enforcement of the Arbitrator's award. The matter is presently before the Court on cross-motions for summary judgment.

The undisputed material facts are as follows: Big Bear conducts coal mining and related operations on coal lands it owns in fee or holds under lease or sublease in Wyoming County, West Virginia. These operations presently consist of one deep mine, one preparation plant and related facilities. Big Bear was a signatory to the National Bituminous Coal Wage Agreement of 1981 (the Agreement).

On June 11, 1983, Big Bear entered into a contract with Contract Coals, Incorporated (Contract Coals), which provided that Contract Coals mine coal and deliver the same to Big Bear. On September 20, 1982, Big Bear Mine # 4 was temporarily shut down, resulting in layoffs. On or about November 8, 1982, Big Bear Mine # 4 was permanently closed, and Big Bear Mine # 5 was opened and operated by Contract Coals under the contract aforesaid. Following the initial layoffs, a grievance was filed by Local Union 7692 employees charging that the contractual arrangement between Contract Coals and Big Bear was in violation of the Agreement. The grievance was referred to Step Four of the grievance procedure.

The issue presented for arbitration was whether employees laid off by Big Bear from its Big Bear # 4 mine are entitled to perform the work being performed by employees of Contract Coals at a mine designated Big Bear # 5, or, alternatively, whether the layoffs by Big Bear were in violation of Article 1A, Section (h) of the Agreement. After determining that Big Bear was extensively involved in the development of the # 5 mine and that Big Bear had licensed out its "coal mining operation on coal lands ... held under lease or sublease ...," Article 1A, Section (h), the arbitrator concluded that the licensing out caused or resulted in the layoff of Big Bear employees.

Arbitrator Segal, having found that Big Bear was in violation of Article 1A, Section (h) of the Agreement, directed the following action be taken:

(a) Offer reinstatement to the laid off employees from Big Bear # 4 mine within thirty (30) days from the date of this Opinion and Award, the order of offers of reinstatement to these employees to be governed by the seniority and other applicable provisions of the National Bituminous Coal Wage Agreement of 1981.

(b) To compensate laid off employees not reinstated within the said thirty (30) day period after the date of this Opinion and Award, back pay will be paid for the period commencing on the day following said thirty (30) day period until the date the employee is reinstated, less earnings from other employers.

Plaintiffs thereafter filed this action to vacate the arbitrator's award.

### CONCLUSIONS OF LAW

■ It is well settled that an arbitrator's award pursuant to an arbitration provision in a collective bargaining agreement, which provides that such decision will be final and binding, is subject to judicial review only to determine whether an award "draws its essence from the collective bargaining agreement" and whether "the arbitrator's words manifest an infidelity to this obligation." *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424. An arbitrator's award draws its essence from the collective bargaining agreement "if the interpretation can in some rational manner be derived from the agreement viewed in the light of its language, its context, and any other indicia of the parties' intention...." *Ludwig Honold Manufacturing Co. v. Fletcher*, 405 F.2d 1123, 1128 (3rd Cir.1969).

■ Careful review of the evidence presented to the arbitrator clearly estab-

lishes that the arbitrator's decision indeed drew "its essence from the collective bargaining agreement." Arbitrator Segal concluded that the employer violated Article 1A, Section (h) of the Agreement. In drawing his conclusion, the arbitrator found, pursuant to the written contract between Big Bear and Contract Coals, that Big Bear was the owner or lessee of the Eagle seam of coal. Furthermore, because of the involvement of Big Bear with Contract Coals in the development of the subject mine, i.e., the state mining permit was obtained by Big Bear and Big Bear built the power plant and provided electrical power for the mine, the arbitrator found that Big Bear licensed out "coal mining operations on coal lands ... held under lease or sublease...." Finally, the arbitrator concluded that because the layoffs occurred while mining operations were in progress on Big Bear's property by a licensee of Big Bear who furnished coal to Big Bear, that the licensing out caused or resulted in the layoffs of Big Bear employees. Based upon the facts presented to him, Arbitrator Segal rendered a rational decision.

Although plaintiffs contend that the arbitrator exceeded the scope of his authority in fashioning the remedy herein, the Court notes that the relief granted was solely against Big Bear, that the unions were not granted retrospective relief and neither was the contract between Big Bear and Contract Coals declared void unless necessary to do so in order to comply with the award.

Reminderful of the limited judicial scope of review in these matters, the Court has determined that there is no basis for vacating the arbitrator's award. Therefore, defendant's Motion for summary judgment will be granted.